In the Matter of ALAMAC ESTATES, INC., Respondent, against CHARLES ABRAMS, as State Rent Administrator, Appellant.

First Department, June 11, 1957.

*Jacob B. Ward* of counsel (*Nathan Heller*, attorney), for appellant.

*Samuel Bernstein* of counsel (*Samuel Bernstein* and *Sydney Newman*, attorneys), for respondent.

*Per Curiam.* This article 78 proceeding was instituted after the State Rent Commission affirmed the denial by the local rent administrator of petitioner's application for an increase in rent because of increased operating costs.

Special Term annulled the determination and remanded the matter to the commission for a review and reaudit, "in accordance with the standards and formula set by respondent in a former application by petitioner."

It appears that the petitioner purchased the property in issue, the Alamac Hotel, in 1945 and applied for and received an increase in rent in 1952. In the instant application, petitioner applying the commission's space ratio—as between controlled and decontrolled tenants—to the increased operating cost, fixes the share of the controlled tenants in the amount of $63,291.61. After deducting the increase granted in 1952, petitioner claims a deficit of $31,371.61 and couples this with the request that it be made up by way of an increase of the rental of the controlled tenants.

Several of the alleged costs permitted in the prior application were rejected on this application. Underlying these proceedings is a challenge to the right of the commission in a subsequent application to refuse to perpetuate an error it had made in processing a prior application. We are of the opinion it may properly refuse to perpetuate the error in any subsequent application and, on a review, such action on the part of the commission will be sustained where there appears to have been an acceptable basis for the correction. (*Matter of Evans* v. *Monaghan,* 282 App. Div. 382, affd. 306 N. Y. 312.) In any event, the commission at least has the right to correct an error relating to prospective events and a determination having prospective effect as well.

Specific objection is made to the disallowance of advertising expense, bad debts (skip-outs), rental commission and manager's traveling expenses. An examination of the record indicates that each of these items was properly disallowed since it appears that they are all expenses uniquely attributable to decontrolled tenants. The obligation that a division be made of controlled and decontrolled space and the income therefrom so that each will bear a proportionate share of any increase in operating costs and necessary compensating increase in rent was recognized in *Matter of Katzenstein* v. *McGoldrick* (281 App. Div. 70, affd. 305 N. Y. 639). This case held that the income from decontrolled tenants could not be used to subsidize controlled tenants. It logically follows that controlled tenants are not chargeable with any increased operating costs specifically attributable to decontrolled income.

The one item disallowed by the commission which calls for any extended comment is the item of depreciation of the personalty that the petitioner acquired upon its purchase of the hotel in 1945. Apart from the question as to whether the statute permits such deduction, it appears that in the previous application petitioner did not claim depreciation for this item either in the base or test years and that, at the request of the commission, it set up an amended schedule of depreciation of said property on a 6.67-year useful life. The commission adjusted this to correspond to a 12-year write off. On this application the commission refused to allow any depreciation because the audit of the petitioner's books indicates that no depreciation charge was carried on the books for the current test year, viz., the year ending February 28, 1954. The petitioner urged and Special Term impliedly found that the commission was bound by its previous ruling and that petitioner was entitled to this item of depreciation as an operating expense

in the instant application. There is no rationale that permits tenants—in a proceeding in which an increase in rent is sought —to be charged with an operating cost which the landlord does not charge to itself. The fact that it may have been permitted in 1952 does not justify doing so now. (*Matter of Evans* v. *Monaghan, supra.*)

An examination of the items disallowed by the commission and the reasons assigned does not involve such an arbitrary abuse of discretion as to warrant any intervention of the court.

For the reasons indicated, the order appealed from should be reversed, with $20 costs and disbursements to the respondent-appellant, and the petition dismissed.

PECK, P. J., BOTEIN, FRANK, VALENTE and McNALLY, JJ., concur.

Order unanimously reversed, with $20 costs and disbursements to the respondent-appellant, and the petition dismissed.